Lee *v.* Oppenheimer.

## LEE & *al. versus* OPPENHEIMER.

Every position, respecting the admissibility of testimony, should be distinctly presented to the presiding Judge for decision, before it can be made the subject of exceptions.

Thus, where evidence had been introduced, from which the jury might perhaps have inferred, that H. was an agent of the defendant, and, in a subsequent stage of the case, the plaintiff offered to prove the declarations of H., though without calling the attention of the Judge to the previous testimony, and the Judge ruled, that the proof was inadmissible, unless it could be shown that H. made the declarations, as agent of the defendant or by his authority, it was *Held*, that exceptions to the exclusion of the testimony were unsustainable.

Where a witness had been restricted by the Judge to a statement of facts prior to a specified transaction, but he voluntarily stated some facts of subsequent occurrence, (no further instructions having been requested,) exceptions to the non-exclusion of the testimony will be overruled.

An officer's authority to receive the attorney's costs of a writ, may be inferred from their previous course of conduct.

ON EXCEPTIONS from *Nisi Prius*, HOWARD J. presiding.

ASSUMPSIT, on a book account for $154,74. — See 32 Maine, 253. The plaintiffs reside in New York. The defendant read a receipt signed by them as follows: — "New York, 4 Feb'y, 1848. Received of A. S. Herman, eighty dollars, which is in full for our demand against J. Oppenheimer of Maine, for $154,74, and we agree to discharge said Oppenheimer therefrom, upon payment of the costs incurred therein." When this receipt was given, an action upon the demand had been commenced; the writ had been served, but the return day for entering it in Court had not arrived.

The plaintiffs contended that the receipt had been fraudulently obtained by the false representations of Herman, as to the solvency of the defendant, and also that the costs had not been paid, according to the condition therefor, mentioned in the receipt.

The officer, to whom the writ had been delivered for service, testified *that* he called upon the defendant, who admitted his indebtedness upon the account, but said some discount was to be made, and desired a delay that he might employ a friend in New York to procure a settlement ; *that* soon afterwards, he called again at the house of the defendant, who was not then at home ; *that* the defendant's wife then exhibited to him the receipt ; *that* some time afterwards the defendant paid to the witness $2 for his fees and $3 for the writ ; *that,* *as he thought,* he credited the plaintiffs' attorney $3, on account, for the writ ; *that* he notified him, before entry of the action, that the $5 had been paid ; *that* the attorney made no objection, and had never called for the money, and the witness has never paid it, but holds it in readiness. The defendant then inquired of the witness what had been the practice and course of business between him and the plaintiffs' attorney, in cases like this. The plaintiffs objected, but the inquiry was permitted in relation to transactions *prior* to the receiving of the $5. The witness stated that, since the time of receiving the $5, he had, without specific instructions, collected costs on writs for the attorney, who had received the same without objection, and *thought* he had done so *before* that time.

Upon this point, the plaintiffs requested instruction to the jury " that, to authorize the officer to receive the costs, so as to affect their rights, an express authorization was necessary from them or some person duly authorized to give it in their behalf." That instruction was not given.

The plaintiffs offered to prove that, at the time of making the receipt, Herman made certain representations to them respecting the pecuniary ability of the defendant, and that those representations were false. This evidence was objected to

and ruled to be inadmissible, "unless it could be shown that Herman made the representations, as agent of the defendant, *or* by his authority."

The Court instructed the jury *that* the receipt introduced by the defendant, with evidence of the payment of cost to the plaintiffs, or some person duly authorized to receive it, constituted a bar to this action; *that* the parties to whom the costs were due, were authorized to receive it; *that* the payment of the $3 to the officer was not a sufficient compliance with the terms of the paper, unless he had authority, either express or implied, from the plaintiffs' attorney, or there had been some subsequent ratification of the acts of the officer, by the attorney, and left it to the jury on the evidence to say whether or not there was such authority or ratification.

The verdict was for the defendant, and the plaintiffs excepted.

*Herbert,* for the plaintiffs.

If the act of Herman, in procuring the receipt, was unauthorized by the defendant, it cannot now be made available in defence, as it contemplates an act agreed to be done by the plaintiffs, to wit, the discharge of the debt on the payment of the costs, which not being binding at its inception, for want of mutuality, cannot become binding except by a consent of the parties; to wit, a new agreement. *Quod ab initio non valet, tractu temporis non convalescit.* Story's Agency, sec. 246; *Right d. Fisher & al.* v. *Cuthill,* 5 East, 498, 499, 500; 1 Story's Equity Juris. § 307.

If the case comes within the principle above alluded to, then the instruction of the Court "that the paper introduced by the defendant, with evidence of payment of costs," &c. constituted "a bar to this suit," is erroneous.

If Herman's act was authorized, then he was the defendant's agent, and the instruction excluding his declarations was erroneous. For the instruction assumed that no agency was proved.

The evidence sufficiently shows, that Herman was the agent of the defendant.

1. One mode of proving an agency is by the acts of the parties. Story on Agency, § 47; 2 Greenl. Ev. § 61.

2. Agency may be proved by implication, from the conduct and acquiescence of the principal. Story on Agency, § 45, 46, 47, 54, 55; 2 Kent's Com. 613, 614, *et seq.*

3. Agency may be proved by subsequent ratification. 2 Greenl. Ev. § 60; Story on Agency, § 45 *et seq.*

From the facts proved, the agency of Herman might fairly be inferred, and therefore the requirement of the Court, that we must go further, and prove agency more distinctly, was unauthorized. Here we have acts of the parties, the conduct, recognition and acquiescence and ratification of the principal. Had the case been left to the jury on this evidence, could the Court have set the verdict aside as against evidence if they had found the agency? Was there not evidence here, which should have been left to the jury?

The second branch of the ruling, excluding the testimony, is more objectionable still, if possible, viz: — That we must prove an authority in Herman to make the representations, in order to make them admissible.

We had, as we supposed, laid the foundation for the introduction of Herman's declarations, by sufficient proof of his agency. Whether we had so done, was a question for the jury, which the Judge assumed to decide.

If the jury had found the agency, we might have shown such fraud, practiced upon the plaintiffs in procuring the receipt, as would have rendered it ineffectual for the defendants.

The instruction, as to the payment of the costs, is objectionable: —

1. Because it assumes, that the payment, if made, was within reasonable time.

2. The witness testified to his *thoughts* upon the matter. The testimony was objected to, but went to the jury.

3. The testimony, as to the practice which had obtained between the officer and the attorney, was inadmissible unless amounting to a *custom* of trade or of a profession, which in this case is not pretended. The rights of parties are to be

Lee *v.* Oppenheimer.

governed by law, not by any remissness in the attorney's mode of business.

The requested instruction should have been given. An officer being a legal minister, his acts are supposed to be done as official duties, not under any *implied* arrangements between himself and the attorney. The proof, therefore, in order to justify his acts, must show that he had an *express* authorization.

The instruction as to authorization and ratification of the officer's doing was calculated to mislead. It was uncalled for, since there were no facts from which an authorization or a ratification, either express or implied, could be found.

*M. L. Appleton* and *Drinkwater,* for the defendant.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — The first question presented is, whether the declarations and representations of A. S. Herman were properly excluded.

There can be no doubt, as stated by the Judge, that they were not admissible "unless it could be shown, that the declarations and representations were made as agent of the defendant or by his authority."

It is insisted, that testimony had been already introduced, from which the jury might have inferred, that he acted as agent. It does not appear, that this position was taken at the trial, and presented to the consideration of the Court. Every position respecting the admissibility of testimony should be distinctly presented to the presiding Judge for decision, before it can be made the subject of exception.

If testimony, from which a jury might possibly infer, that one person had acted as the agent of another, of a character, that would not particularly attract attention, had been introduced, before the declarations of the person so acting were offered, the Court would perform its duty by stating correctly the rule of law applicable to it. If the counsel claimed to have the testimony admitted in accordance with the rule stat-

ed, he should have called the attention of the Court to the consideration of the testimony, which was alleged to be sufficient to render it admissible, that the very question now presented might have been before it for decision. To allow him to omit to do so, and after verdict to present such a position as error, would be to authorize a new trial not on account of an erroneous statement of the law, but on account of a want of perfect recollection at the time of every portion of the testimony already introduced.

It is however said, that the law was erroneously stated by the last clause of the sentence. The argument for this appears to be based upon the supposition, that the Judge not only required the agency of Herman to be proved, but that he was also specially authorized to make the representations, which are alleged to have been made by him. The rule was stated by the use of a disjunctive and not by an adjunctive particle, which would have been necessary to render this part of the argument applicable.

To prove that the officer was authorized to receive the costs due to the plaintiffs' attorney, testimony was offered, that the attorney had before and since permitted the officer to settle suits and to receive his costs. This being objected to, the Court restricted its introduction to transactions prior to the payment made in this case. The witness, in violation of the rule, appears to have stated his transactions since as well as before that time. His statements respecting subsequent transactions must have been known to be unauthorized testimony, and it must be presumed to have been so regarded by the counsel and by the jury. If any doubt respecting its effect upon the jury existed in the mind of the counsel, it might have been removed by a request for instructions, that it should be disregarded.

Complaint is made, that the instruction respecting payment of the costs "assumes, that the payment of costs, if made at all, is seasonable; made within a reasonable time." If the officer had become the agent of the attorney, to receive them, they were in contemplation of law received by the attorney.

After payment had been received without objection, it is too late to insist, that it was not made within a reasonable time, and the Court might well assume that the payment was liable to no such objection.

It is further insisted, that the instructions requested should have been given. When the plaintiffs settled their debt at their place of residence and gave a receipt in full for it, on condition that the costs incurred should be paid, the just inference is, that the intention of the parties was, that they should be paid to those who were entitled to them. There was therefore no occasion for " an express authority" from them or from their attorney. The officer's authority to collect them for their attorney might be inferred from their former course of conduct.                    *Exceptions overruled.*